IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| ADP, INC. DEALER SERVICES GROUP,<br><br>    Plaintiff/Defendant to Counterclaim,<br><br>vs.<br><br>TRUCK COUNTRY OF IOWA, INC.,<br><br>    Defendant/Counterclaimant. | No. C07-1002<br><br>ORDER REGARDING AMENDMENT TO ANSWER |

This matter comes before the Court on the Motion to Strike Defendant's First Amendment to Answer and Counterclaim (docket number 10) filed by the Plaintiff on August 21, 2007, and the Motion to Amend and/or for Relief from Scheduling Order (docket number 11) filed by the Defendant on August 23, 2007.[1] Pursuant to Local Rule 7.1.c, the Motions will be decided without oral argument.

## I. RELEVANT FACTS

On February 19, 2007, Plaintiff ADP, Inc. Dealer Services Group filed a Complaint (docket number 1) against Defendant Truck Country of Iowa, Inc., claiming entitlement

---

[1] In docket number 11, Defendant resists Plaintiff's Motion to Strike and alternatively requests that "this filing be treated as the Motion to Amend." The Court believes that the combined Resistance and Motion to Amend does not comply with Local Rule 7.1.e which requires, in part, that "[a] resistance to a motion may not include a separate motion or a cross-motion by the responding party. Any separate motion or cross-motion must be filed separately as a new motion." Nonetheless, the Court will consider the parties' respective motions on their merits.

1

to recover for breach of contract. Defendant filed an Answer (docket number 5), including affirmative defenses, on March 16, 2007.

On June 18, 2007, the Court adopted the parties' Proposed Scheduling Order and Discovery Plan (docket number 7). Among other things, the parties agreed that the deadline for motions to amend pleadings would be August 3, 2007. Trial is now scheduled before Chief Judge Linda R. Reade on July 21, 2008. *See* Order (docket number 8) filed on June 20, 2007.

On August 16, 2007 (13 days after the deadline for filing motions to amend the pleadings), Defendant filed its First Amendment to Answer (docket number 9). The Amendment adds a Counterclaim, which requests that the Court reform the agreements between the parties to reflect "the real understanding of the parties."

In its instant Motion to Strike, Plaintiff argues that Defendant failed to comply with FED. R. CIV. P. 15(a), which provides that after a responsive pleading is served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party." Plaintiff notes that Defendant did not seek leave of court, nor did Plaintiff give its written consent.

In the Resistance to Plaintiff's Motion to Strike, Defendant's counsel notes that he "was hospitalized on several occasions between July 25 and August 4, 2005 [sic], underwent two surgeries on July 27 and August 4, and underwent related procedures on August 1 and August 10, for treatment of kidney stones." Mr. Krumpe states that after conferring with Mr. Gutz, it was Mr. Krumpe's "understanding that the parties agreed to the filing of amendments without the necessity of a motion on or before August 17." That is, Mr. Krumpe believed that the parties had not only agreed to an extension of the deadline for filing motions to amend the pleadings, but had also agreed that an amendment could be filed without the necessity of filing a motion. In his Resistance to Defendant's Alternative Motion to Amend, however, Mr. Gutz states that he "only agreed to allow

2

Defendant until August 17, 2007 to file *motions* to amend pleadings." (emphasis in original)

## II. CONCLUSIONS OF LAW

It is clear that Defendant's First Amendment to Answer fails to comply with FED. R. CIV. P. 15(a). Pursuant to Rule 15(a), a party may amend its pleading *only* (1) by leave of court or (2) by written consent of the adverse party. Defendant did not seek or receive "leave of court" to file its amendment, nor did it receive the "written consent" of the Plaintiff. In fact, counsel for Plaintiff denies that oral consent was given. That is, Plaintiff's counsel claims that he orally agreed to an extension of the deadline for filing a *motion* for leave to amend.[2] In addition, Defendant's First Amendment to Answer fails to comply with the Court's Scheduling Order, which sets an August 3, 2007, deadline for filing motions to amend pleadings.[3]

While it is clear that Defendant failed to comply with Rule 15(a) or the Court's Scheduling Order, the more difficult issue is what remedy is appropriate. Local Rule 16.1.f provides that the deadlines established by the Scheduling Order "will be extended only upon written motion and a showing of good cause." In this case, the Order established a deadline of August 3, 2007, to file motions to amend pleadings. Defendant did not file a written motion to extend the deadline, although it would appear that there was good cause for an extension. That is, the medical difficulties experienced by Mr. Krumpe

---

[2] The Court assumes that the instant motions filed by both counsel are truthful and in good faith. Accordingly, the Court must conclude that the attorneys misunderstood the terms of their purported agreement.

[3] In the Reply to Plaintiff's Resistance, Defendant's counsel indicates that "[i]t was the undersigned's understanding, based upon discussions with the Court during the hearing on the Scheduling Order, that the parties were free to file pleadings and conduct discovery outside of the Scheduling Order deadlines as long as it was by mutual agreement and would not require Court action." (emphasis in original) The Court does not recall any such discussion or indication that "the parties were free" to ignore the Scheduling Order deadlines by mutual consent.

3

at that time would have provided good cause for an extension of the deadline. Furthermore, Plaintiff apparently did not object to a two-week extension.

While Defendant did not obtain a Court order extending the deadline, Plaintiff concedes that it agreed to extend the deadline for filing motions to amend pleadings to August 17, 2007. Defendant's combined resistance and Motion to Amend (docket number 11) was not filed, however, until August 23, 2007.

Federal Rule of Civil Procedure 15(a) provides that "leave [to amend] shall be freely given when justice so requires." Denial of leave to amend may be justified, however, "by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 557 (8th Cir. 2006) (quoting *United States ex rel. Gaudineer & Comito, L.L.P. v. Iowa*, 269 F.3d 932, 936 (8th Cir. 2001)). In the instant action, the Motion to Amend was filed six days after the deadline agreed to by the parties, there is no evidence of bad faith on the part of Defendant, and the Court is unable to determine whether the proposed amendment would be "futile." Trial is more than nine months away and Plaintiff is unable to establish "unfair prejudice" by the six-day delay in filing the Motion to Amend. *See also Dennis v. Dillard Dept. Stores, Inc.*, 207 F.3d 523 (8th Cir. 2000) (holding the District Court abused its discretion by denying Defendant's Motion for Leave to Amend its Answer less than three months prior to trial and after discovery had been closed). Accordingly, after considering all of the facts and circumstances, the Court concludes that Plaintiff's Motion to Strike should be denied and Defendant's Motion to Amend should be granted.

### ORDER

IT IS THEREFORE ORDERED as follows:

1. The Motion to Strike Defendant's First Amendment to Answer and Counterclaim (docket number 10) filed by Plaintiff on August 21, 2007, is hereby **DENIED**.

5

2.	The Motion to Amend (docket number 11) filed by Defendant on August 23, 2007, is hereby **GRANTED**. Defendant's answer shall be deemed amended in accordance with the First Amendment to Answer (docket number 9) filed on August 16, 2007.

DATED this 12th day of September, 2007.

_____
JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA

5

Case 2:07-cv-01002-LRR   Document 14   Filed 09/12/07   Page 5 of 5