**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| ADP INC. DEALER SERVICES GROUP,<br><br>　　　　Plaintiff/Counterclaim-<br>　　　　Defendant,<br><br>vs.<br><br>TRUCK COUNTRY OF IOWA, INC.,<br><br>　　　　Defendant/Counterclaim-<br>　　　　Plaintiff. | No. 07-CV-1002-LRR<br><br>**ORDER** |

_____

*TABLE OF CONTENTS*

*I.   INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

*II.  RELEVANT PROCEDURAL HISTORY* . . . . . . . . . . . . . . . . . . . . . . . . *2*

*III. FACTUAL ALLEGATIONS IN COUNTERCLAIM* . . . . . . . . . . . . . . . . *3*

*IV.  PARTIES' ARGUMENTS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*

*V.   STANDARD AND SCOPE OF REVIEW* . . . . . . . . . . . . . . . . . . . . . . *5*
　　*A.   Rule 12(b)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*
　　*B.   Rule 9(b)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*

*VI.  ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *8*

*VII. DISPOSITION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *9*

*I. INTRODUCTION*

　　The matter before the court is Plaintiff/Counter-Defendant ADP, Inc. Dealer Services Group's ("ADP") Motion to Dismiss Defendant's Counterclaim ("Motion") (docket no. 15).

## II. RELEVANT PROCEDURAL HISTORY

On February 19, 2007, ADP filed a Complaint against Defendant/Counterclaim-Plaintiff Truck Country of Iowa, Inc. ("Truck Country"). The Complaint alleges Breach of Contract, in violation of Iowa common law. Complaint (docket no. 1), at 1-2. The contract at issue is a Master Services Agreement ("Agreement"). *Id.* at Ex. A. It was signed by the parties on April 8, 1998, and May 11, 1998, and it provides for maintenance, services, support and licensing of certain software. *Id.* at ¶ 5 & Ex. A. After the parties executed the Agreement, they entered into several schedules ("Schedules"). *Id.* at ¶ 5 & Ex. B. The Complaint alleges that Truck Country defaulted on the Agreement on August 31, 2006, when it requested early termination of the Agreement. *Id.* at ¶ 6.

On March 16, 2007, Truck Country filed an answer, which included affirmative defenses.

On August 16, 2007, Truck Country filed a First Amendment to Answer ("Counterclaim") (docket no. 9).[1]

On September 18, 2007, ADP filed the instant Motion.[2] In the Motion, ADP asks that the Counterclaim be dismissed pursuant to Federal Rule of Civil Procedure 12(b) "for

---

[1] After Truck Country filed the Counterclaim, ADP moved to strike it due to Truck Country's failure to obtain leave of court or consent of ADP to amend its answer. Ultimately, on September 12, 2007, United States Magistrate Judge Jon Stuart Scoles allowed the Counterclaim to stand.

[2] The court notes that ADP violated Local Rule 7.1, because it failed to file a brief in support of its Motion. *See* LR 7.1.d (requiring that every motion be accompanied by "a brief containing a statement of the grounds for the motion and citations to the authorities upon which the moving party relies"). However, because the five-page Motion contains citations to legal authorities, the court will consider it.

failure to state a claim upon which relief can be granted . . . ." Motion, at 1. On October 5, 2007, Truck Country filed a Resistance (docket no. 16). On October 9, 2007, ADP filed a Reply (docket no. 17).

The court finds the matter fully submitted and ready for decision, and it turns to consider the Motion.

### III. FACTUAL ALLEGATIONS IN COUNTERCLAIM

In the Counterclaim, Truck Country alleges the following:

> 1. [Truck Country] pleads in the alternative that the written agreement on which [ADP] seeks to recover fails to state the real understanding of the parties. Prior to the making of the written agreement, the parties had agreed that the term of the [Agreement] and any schedules thereto was limited to a single term of sixty (60) months from the effective date in 1998 of the [Agreement]. Through the mutual mistake of the parties, this provision was incorrectly stated in the written agreement, and it is this misstatement of the agreement on which [ADP] relies.
>
> 2. [Truck Country] pleads in the alternative that [Truck Country]'s assent to the agreement(s) on which [ADP] relies was induced by [ADP]'s representations that the agreement in toto was limited to a single sixty (60) month term following the effective date in 1998 of the [Agreement] and that [ADP] was fully aware prior to and at the time of the execution of the [Agreement] and [S]chedules thereto that this was [Truck Country]'s understanding.

Counterclaim (docket no. 9), at 1-2. Truck Country "prays that the [c]ourt reform the instruments forming the basis of [ADP]'s claims to provide that they were and are limited to a single sixty (60) month term following the effective date in 1998 of the [Agreement] . . . ." *Id.* at 2.

## IV. PARTIES' ARGUMENTS

In the Motion, ADP argues that the Agreement and Schedules reflect the true intent of the parties, and they are clear and unambiguous. ADP argues that the Agreement provides the following:

> The term of this Agreement shall be for the period commencing the date this Agreement has been signed by an authorized officer of both ADP and [Truck Country] and continuing until all Schedules hereto have completely terminated.

Motion, at ¶ 3 (quoting Agreement, at ¶ 2). It further argues that, since the parties signed the Agreement in 1998, they executed "numerous schedules" over the course of seven years. *Id.* ADP argues that the parties executed the most recent Schedule on February 3, 2005, and it states that "'ADP and [Truck Country] agree that the Term of this Schedule shall be a period of sixty (60) months . . . ,'" making the ending date February 3, 2010. *Id.* (quoting Schedules (docket no. 1-5), at 19-24). ADP also argues in the Motion that its contractual relationship with Truck Country lasted over seven years—from 1998 to 2006. If the Agreement expired after sixty months, like Truck Country alleges in its Counterclaim, the Agreement would have expired on April 8, 2003. ADP argues that the Counterclaim should be dismissed under Rule 12(b), because Truck Country executed numerous Schedules through 2005, that is, after the time Truck Country argues the parties intended the Agreement to expire. ADP argues that "[Truck Country]'s claim that the [Agreement] was limited to a single term of 60 months is defeated by its own actions of executing [S]chedules outside of the 60 month period following execution of the Agreement." Motion, at ¶ 4.

As to Truck Country's fraudulent inducement claim, ADP argues that the Agreement sets forth the understanding of the parties in paragraph 21(A), a paragraph in which Truck Country agreed that it had not been fraudulently induced. *See* Motion, at ¶ 5 (quoting Agreement, at ¶ 21(A)). ADP points out that, in the seven years that the

Agreement existed, Truck Country never disputed the terms of the Agreement, and Truck Country does not dispute that its representative read and signed the Agreement in 1998.

Truck Country responds that ADP's "denials of the allegations of the [C]ounterclaim for reformation are not properly raised via a motion to dismiss." Resistance, at ¶ 3. Truck Country argues that a number of the Schedules "were terminated by mutual agreement long before Truck Country advised ADP of its intent to terminate the [Agreement] . . . ." *Id.* Truck Country argues that "summary disposition" of its Counterclaim is "clearly inappropriate" because there are issues of disputed fact present. *Id.* at ¶¶ 3 & 4.

## V. STANDARD AND SCOPE OF REVIEW

### A. *Rule 12(b)*

Federal Rule of Civil Procedure 12(b)(6) authorizes the district court to dismiss a claim if the plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In assessing a motion to dismiss, the court is required to view the allegations in the complaint (in this case, the Counterclaim) in the light most favorable to the nonmoving party. *In re Operation of Mo. River Sys. Litig.*, 418 F.3d 915, 917 (8th Cir. 2005). The court must accept all the factual allegations in the Counterclaim as true. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citing in part *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002)). The court may "dismiss the case only when it appears beyond doubt that the [claimant] can prove no set of facts in support of [the claimant's] claim which would entitle [the claimant] to relief." *Mo. River Sys. Litig.*, 418 F.3d at 917 (internal quotations omitted).[3] "The issue is not whether the [claimant] will

---

[3] The parties cite the traditional Rule 12(b)(6) test that provides that the court should "dismiss the case only when it appears beyond doubt that the plaintiff can prove no set of facts in support of [the plaintiff's] claim which would entitle [the plaintiff] to relief." *Mo. River Sys. Litig.*, 418 F.3d at 917 (internal quotations omitted). In *Bell Atlantic*
(continued…)

ultimately prevail but whether the [claimant] is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 814 (1982). Thus, "as a practical matter, [dismissal under Rule 12(b)(6) is likely to be granted] only in the unusual case in which a plaintiff includes allegations that show, on the face of the [claim], that there is some insuperable bar to relief." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004) (citing *Frey v. Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995)).

### B. Rule 9(b)

There is a heightened pleading standard when the allegation is fraud or mistake. Federal Rule of Civil Procedure 9(b) provides:

> **(b) Fraud or Mistake; Conditions of the Mind.** In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent,

---

[3](…continued)
*Corporation v. Twombly*, 127 S. Ct. 1955 (2007), a case involving a claim under the Sherman Act, the Supreme Court abrogated *Conley v. Gibson*, 355 U.S. 41 (1957), and "retired" the "no set of facts" language. *Twombly*, 127 S. Ct. at 1968-69 (referring to the "no set of facts" language in *Conley* and explaining that, "after puzzling the profession for 50 years, this famous observation has earned its retirement").

However, it is neither clear whether the old test has been replaced by a new rule, nor whether the holding in *Twombly* applies to non-antitrust cases. *Compare Brown v. Kerkhoff*, 504 F. Supp. 2d 464, 518-22 (S.D. Iowa 2007) (Gritzner, J.) (discussing *Twombly* and adopting an approach which requires the plaintiff to "provide 'enough factual matter (taken as true) to suggest' unlawful or otherwise actionable conduct" (quoting *Twombly*, at 1965)) *with Hogue v. Palisades Collection, LLC*, 494 F. Supp. 2d 1043, 1046 (S.D. Iowa 2007) (Pratt, C.J.) (denying a motion to dismiss in a Fair Debt Collection Practices Act case and stating that, "[i]n addressing a motion to dismiss under [Rule 12(b)(6), th[e court] must follow the new standard of review articulated by the United States Supreme Court in [*Twombly*]"). Because the parties have not discussed *Twombly* and because the court would grant the Motion under both the "no set of facts" test and the *Twombly* test, the court need not decide whether *Twombly* is applicable to this mutual mistake and fraudulent inducement case.

> knowledge, and other conditions of a person's mind may be alleged generally.

Fed. R. Civ. P. 9(b) (emphasis in original). The Supreme Court has explained: "Rule 8(a)'s simplified pleading standard applies to all civil actions, [but] Rule 9(b) . . . provides for greater particularity in all averments of fraud or mistake." *Swierkiewicz*, 534 U.S. at 513; *see also Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005) (discussing heightened pleading requirements and quoting *Swierkiewicz*). "To satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006). In other words, federal law requires that the Counterclaim contain "'the who, what, when, where, and how: the first paragraph of any newspaper story.'" *Great Plains Trust Co. v. Union Pac. R.R. Co.*, 492 F.3d 986, 995 (8th Cir. 2007) (quoting *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990)); *see also BJC Health Sys. v. Columbia Casualty Co.*, 478 F.3d 908, 917 (8th Cir. 2007) ("Under Rule 9(b), a plaintiff must plead 'such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby.'" (quoting *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 920 (8th Cir. 2001)). "Where allegations of fraud are explicitly or, . . . implicitly, based only on information and belief, the complaint must set forth the source of the information and the reasons for the belief." *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 550 (8th Cir. 1997) (quotations omitted). "'Conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule.'" *BJC Health Sys.*, 478 F.3d at 917 (quoting *Commercial Prop. Invs., Inc. v. Quality Inns Int'l, Inc.*, 61 F.3d 639, 644 (1995)).

The Eighth Circuit Court of Appeals has cautioned that Rule 9(b) is to be interpreted "in harmony with the principles of notice pleading." *Id.* (quotations omitted). The reason

for Rule 9(b) is "to enable defendants to respond 'specifically, at an early stage of the case, to potentially damaging allegations of immoral and criminal conduct.'" *Id.* (quoting *Abels*, 259 F.3d at 920). "The level of particularity required [by Rule 9(b)] depends on, *inter alia*, the nature of the case and the relationship between the parties." *Id.*

## *VI. ANALYSIS*

As a preliminary matter, the court notes that ADP did not raise the issue of Truck Country's failure to plead with particularity. The court "'has the power to sua sponte dismiss a complaint for failure to state a claim'" under Rule 12(b)(6). *Smith v. Boyd*, 945 F.2d 1041, 1042-43 (8th Cir. 1991) (quoting *Mildfelt v. Circuit Court*, 827 F.2d 343, 345 (8th Cir. 1987) (per curium)); *K/O Ranch, Inc. ex rel. Olson v. Norwest Bank of Black Hills*, 748 F.2d 1246, 1248 n.3 (8th Cir. 1984) ("The court may on its own initiative note the inadequacy of a complaint and dismiss it for failure to state a claim."). Therefore, the court finds that it may dismiss the Counterclaim for a reason not raised by ADP in the Motion.

After considering the arguments of the parties and the information contained in the pleadings (including Truck Country's two-page Counterclaim), the court holds that Truck Country failed to satisfy Rule 9(b)'s particularity requirement and, therefore, failed to state a cause of action. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) ("When considering . . . a motion to dismiss under [Rule 12(b)(6)], the court generally must ignore materials outside the pleadings . . . ."). In the Counterclaim, Truck Country alleges that the Agreement was a product of mutual mistake and that ADP fraudulently induced Truck Country into the Agreement. Truck Country fails to state, however, which individuals were involved in the mistake or fraudulent inducement. The Agreement was signed by Assistant General Counsel Zaccardo on behalf of ADP's Vice President and General Manager, Roger Sybrowsky, on May 11, 1998. Agreement, at 8. It was signed by Truck Country's President, R. Michael McCoy, on April 8, 1998. *Id.*

8

However, the Counterclaim fails to state whether it was Mr. Sybrowsky and Mr. McCoy or others who made the mutual mistake. It fails to state whether Mr. Zaccardo, Mr. Sybrowsky or some other ADP representative engaged in the fraudulent inducement. *See Parnes*, 122 F.3d at 550 (finding that the plaintiffs' allegations of fraud failed to meet Rule 9(b)'s particularity requirements and stating that "[d]efendants are left to guess which controlling shareholders were responsible for this alleged fraud"). The Agreement also fails to state the circumstances of the mistake or fraudulent inducement, that is, whether an ADP representative and a Truck Country representative met in person or telephonically, or sent emails and faxed documents. *See id.* ("The [p]laintiffs provide the barest clue as to when the alleged fraud took place . . . ."). The Counterclaim fails to allege the date or time of any meetings or communications between an ADP representative and a Truck Country representative. The Counterclaim is completely void of such factual allegations. As such, Truck Country has failed to plead with the particularity required by Rule 9(b) for claims of fraud and mistake. *Great Plains Trust Co.*, 492 F.3d 995 (explaining that Rule 9(b) requires that complaints contain "the who, what, when, where, and how"). Accordingly, the court shall dismiss without prejudice with leave to amend the Counterclaim. *Cf. Parnes*, 122 F.3d at 550 & 551 (affirming the district court's dismissal of the complaint with prejudice where plaintiffs failed to meet Rule 9(b)'s particularity requirement for their allegations of fraud).

## *VII. DISPOSITION*

For the foregoing reasons, the court hereby **ORDERS**:

(1) Truck Country's Counterclaim (docket no. 9) is **DISMISSED** without prejudice;

(2) The court grants Truck Country leave to file an Amended Counterclaim with requisite particularity by **January 22, 2008**;

(3) ADP's Motion (docket no. 15) is **DENIED AS MOOT**; and

(4)    If Truck Country fails to file an Amended Counterclaim by that date, the Clerk of Court is directed to dismiss the Counterclaim with prejudice at that time.

**IT IS SO ORDERED.**

**DATED** this 2d day of January, 2008.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA